**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MELISSA SCHEEREN,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, LINDA MCMAHON, AND THE HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI,<br><br>Defendants. | Case No. 1:26-CV-01659-CRC<br><br>**DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant Higher Education Loan Authority of the State of Missouri ("MOHELA"), by and through its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff Melissa Scheeren's ("Plaintiff") Complaint (Dkt. 1) in the above-captioned action denies each and every allegation set forth in the Complaint except as hereinafter admitted, qualified, explained, clarified, or otherwise pleaded, and specifically states as follows:

**PRELIMINARY STATEMENT[1]**

1.      MOHELA denies the allegations in Paragraph 1.

2.      MOHELA states that its October 24, 2022 correspondence to Plaintiff regarding the denial of her application for PSLF forgiveness speaks for itself and is the best evidence of its contents. MOHELA denies all allegations that are inconsistent with or mischaracterize the October 24, 2022 correspondence. MOHELA denies that it made the decision to deny Plaintiff's application for PSLF forgiveness, and denies the remaining allegations in Paragraph 2.

---

[1] For completeness, MOHELA includes the verbatim headings and sub-headings used by Plaintiff in the Complaint along with its answer to the numbered paragraphs of the Complaint.  MOHELA does not admit or embrace any factual allegations included in such headings and it expressly denies the same.

3. Answering on behalf of itself only, MOHELA denies that Plaintiff's submissions were met with little more than a cursory review or without any meaningful analysis. MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and therefore denies them.

4. Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 4.

5. The allegations in Paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, MOHELA denies the allegations in Paragraph 5.

6. MOHELA admits that Plaintiff provided certain documentation in support of her application for PSLF relief. MOHELA admits that Plaintiff's application for PSLF relief was denied. MOHELA denies it denied the application. MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and therefore denies them.

7. Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 7.

8. Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 8.

9. Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 9.

## JURISDICTION AND VENUE

10. The allegations in Paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, MOHELA admits that Plaintiff alleges that this Court has federal subject matter jurisdiction over the federal claims and supplemental jurisdiction

over the state law claims against MOHELA. MOHELA denies the remaining allegations in Paragraph 10.

11.    The allegations in Paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, and for purposes of this action only, MOHELA admits that it services student loans belonging to borrowers residing within the District of Columbia. MOHELA admits it has a contract with the United States Department of Education ("USDOE"), which has offices in the District of Columbia. MOHELA admits that the USDOE pays MOHELA for its servicing work. MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, and therefore denies them.

12.    The allegations in Paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 12 do not relate to MOHELA. MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies them.

13.    The allegations in Paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies them.

## PARTIES

### *Plaintiff*

14.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them.

15.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies them.

16.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies them.

### *Department of Education*

17.    MOHELA admits that USDOE is a federal agency with responsibility for administering federal student loan and grant programs. MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, and therefore denies them.

18.    MOHELA admits that Linda McMahon is the current Secretary of Education. MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and therefore denies them.

### *MOHELA*

19.    MOHELA admits it is a student loan servicer, that it is headquartered in Missouri but maintains a small office in the District of Columbia, and that it has employees—including those who work remotely outside Missouri—that assist in MOHELA's operations. MOHELA denies the remaining allegations in Paragraph 19.

20.    MOHELA admits the allegations in Paragraph 20.

21.    MOHELA denies it can "sue and be sued in its own name." As alleged in Paragraph 21, this allegation is incomplete because MOHELA's enabling statute provides that MOHELA has the power to "sue and be sued and to prosecute and defend, at law or in equity, *in any court having jurisdiction of the subject matter and of the parties*[.]" RSMo. § 173.385.1(3) (emphasis added).

22.    The allegations in Paragraph 22 are legal conclusions to which no response is required. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies them.

23. MOHELA admits that it has a contract with USDOE and services federal student loans for millions of borrowers. MOHELA admits that its servicing role includes applying payments and maintaining account records, and that it services loans belonging to borrowers in Virginia. MOHELA denies the remaining allegations in Paragraph 23.

24. MOHELA admits the allegations in Paragraph 24.

## BACKGROUND

### *Public Service Loan Forgiveness Original Regulations*

25. The allegations in Paragraph 25 are legal conclusions to which no response is required. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them.

26. The allegations in Paragraph 26 are legal conclusions to which no response is required. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies them.

27. The allegations in Paragraph 27 are legal conclusions to which no response is required. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies them.

28. The allegations in Paragraph 28 are legal conclusions to which no response is required. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies them..

29. The allegations in Paragraph 29 are legal conclusions to which no response is required. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies them.

30.     The allegations in Paragraph 30 are legal conclusions to which no response is required. To the extent a response is required, MOHELA states that the cited authority speaks for itself, and MOHELA denies all allegations that mischaracterize the cited authority.

### *American Bar Association v. United States Department of Education*

31.     The allegations in Paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, MOHELA states that the cited authority speaks for itself, and MOHELA denies all allegations that mischaracterize the cited authority.

32.     The allegations in Paragraph 32 are legal conclusions to which no response is required. To the extent a response is required, MOHELA states that the cited authority speaks for itself, and MOHELA denies all allegations that mischaracterize the cited authority.

33.     The allegations in Paragraph 33 are legal conclusions to which no response is required. To the extent a response is required, MOHELA states that the cited authority speaks for itself, and MOHELA denies all allegations that mischaracterize the cited authority.

34.     The allegations in Paragraph 34 are legal conclusions to which no response is required. To the extent a response is required, MOHELA states that the cited authority speaks for itself, and MOHELA denies all allegations that mischaracterize the cited authority.

### *Public Service Loan Forgiveness Reconsideration*

35.     The allegations in Paragraph 35 are legal conclusions to which no response is required. To the extent a response is required, MOHELA states that the cited regulation speaks for itself, and MOHELA denies all allegations that mischaracterize the cited regulation.

36.     The allegations in Paragraph 36 are legal conclusions to which no response is required. To the extent a response is required, MOHELA states that the cited regulations speak for themselves, and MOHELA denies all allegations that mischaracterize the cited regulations.

*Virginia Student Loan Borrower Bill of Rights*

37.     The allegations in Paragraph 37 are legal conclusions to which no response is required. To the extent a response is required, MOHELA states that the cited legislative history speaks for itself, and MOHELA denies all allegations that mischaracterize the cited legislative history.

38.     The allegations in Paragraph 38 are legal conclusions to which no response is required. To the extent a response is required, MOHELA states that the cited code sections speak for themselves, and MOHELA denies all allegations that mischaracterize the cited code sections.

39.     The allegations in Paragraph 39 are legal conclusions to which no response is required. To the extent a response is required, MOHELA states that the cited code sections speak for themselves, and MOHELA denies all allegations that mischaracterize the cited code sections.

40.     The allegations in Paragraph 40 are legal conclusions to which no response is required. To the extent a response is required, MOHELA states that the cited code sections speak for themselves, and MOHELA denies all allegations that mischaracterize the cited code sections.

41.     The allegations in Paragraph 41 are legal conclusions to which no response is required. To the extent a response is required, MOHELA states that the cited code sections speak for themselves, and MOHELA denies all allegations that mischaracterize the cited code sections.

*Fairfax Bar Association*

42.     MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies them.

43.     MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and therefore denies them.

44. MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies them.

45. MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore denies them.

## FACTUAL ALLEGATIONS

### *Fairfax Bar Association is a Qualified Employer for PSLF*

46. The allegations in Paragraph 46 are legal conclusions to which no response is required. To the extent a response is required, MOHELA states that the cited regulations speak for themselves, and MOHELA denies all allegations that mischaracterize the cited regulations.

47. MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore denies them.

48. MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and therefore denies them.

49. MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore denies them.

50. MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore denies them.

51. MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore denies them.

52. MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore denies them.

53. MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and therefore denies them.

54.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and therefore denies them.

55.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and therefore denies them.

56.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies them.

### *MOHELA Mishandled Scheeren's PSLF Application Process*

57.    MOHELA admits the allegations in Paragraph 57.

58.    MOHELA admits that it was the dedicated PSLF servicer for the USDOE for a period of time. MOHELA denies the remaining allegations in Paragraph 58.

59.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and therefore denies them.

60.    MOHELA admits the allegations in Paragraph 60.

61.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and therefore denies them.

62.    MOHELA admits that an October 24, 2022 letter was sent to Plaintiff regarding her application for PSLF forgiveness, and states that the letter speaks for itself and is the best evidence of its contents. MOHELA denies the remaining allegations in Paragraph 62.

63.    MOHELA admits that an October 24, 2022 letter was sent to Plaintiff regarding her application for PSLF forgiveness, and states that the letter speaks for itself and is the best evidence of its contents. MOHELA denies the remaining allegations in Paragraph 63.

64.     MOHELA admits that Plaintiff submitted a second PSLF application with additional information. MOHELA admits the application was denied. MOHELA denies the remaining allegations in Paragraph 64.

65.     MOHELA admits that Plaintiff submitted a third PSLF application with additional information. MOHELA denies the remaining allegations in Paragraph 65.

### *The Department Denied PSLF Applications Without Reason*
### *and in Violation of its own Regulations*

66.     MOHELA admits only that Plaintiff called it on multiple occasions. MOHELA denies the remaining allegations in Paragraph 66.

67.     The allegations in Paragraph 67 do not relate to MOHELA. To the extent a response is required, MOHELA is without sufficient information to admit or deny the allegations in Paragraph 67, and therefore denies same.

68.     The allegations in Paragraph 68 do not relate to MOHELA. To the extent a response is required, MOHELA is without sufficient information to admit or deny the allegations in Paragraph 68, and therefore denies same.

69.     The allegations in Paragraph 69 do not relate to MOHELA. To the extent a response is required, MOHELA is without sufficient information to admit or deny the allegations in Paragraph 69, and therefore denies same.

70.     The allegations in Paragraph 70 do not relate to MOHELA. To the extent a response is required, MOHELA is without sufficient information to admit or deny the allegations in Paragraph 70, and therefore denies same.

71. The allegations in Paragraph 71 do not relate to MOHELA. To the extent a response is required, MOHELA is without sufficient information to admit or deny the allegations in Paragraph 71, and therefore denies same.

72. The allegations in Paragraph 72 do not relate to MOHELA. To the extent a response is required, MOHELA is without sufficient information to admit or deny the allegations in Paragraph 72, and therefore denies same.

73. The allegations in Paragraph 73 do not relate to MOHELA. To the extent a response is required, MOHELA is without sufficient information to admit or deny the allegations in Paragraph 73, and therefore denies same.

74. MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and therefore denies them.

75. The allegations in Paragraph 75 do not relate to MOHELA. To the extent a response is required, MOHELA is without sufficient information to admit or deny the allegations in Paragraph 75, and therefore denies same.

76. MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and therefore denies them.

77. The allegations in Paragraph 77 do not relate to MOHELA. To the extent a response is required, MOHELA is without sufficient information to admit or deny the allegations in Paragraph 77, and therefore denies same.

## CAUSES OF ACTION

78. MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and therefore denies them.

79. MOHELA denies the allegations in Paragraph 79.

80.     MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and therefore denies them.

### FIRST CAUSE OF ACTION
*Agency Action that is Arbitrary, Capricious, or Otherwise not in Accordance with Law in Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)*

81.     The allegations in Paragraph 81 are legal conclusions to which no response is required. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and therefore denies them.

82.     The allegations in Paragraph 82 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and therefore denies them.

83.     The allegations in Paragraph 83 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and therefore denies them.

84.     The allegations in Paragraph 84, including those in sub-paragraphs (a) through (d), do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and therefore denies them.

### SECOND CAUSE OF ACTION
*Unlawful Withholding of Agency Action in Violation of the Administrative Procedure Act, 5 U.S.C. § 706(l)*

85.     The allegations in Paragraph 85 are legal conclusions to which no response is required. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and therefore denies them.

86.    The allegations in Paragraph 86 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and therefore denies them.

87.    The allegations in Paragraph 87 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and therefore denies them.

### THIRD CAUSE OF ACTION
*Unfair Acts or Practices in Violation of the Code of Virginia § 6.2-2610(A)(2)*

88.    The allegations in Paragraph 88 are legal conclusions to which no response is required. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and therefore denies them.

89.    The allegations in Paragraph 89 are legal conclusions to which no response is required. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and therefore denies them.

90.    The allegations in Paragraph 90 are legal conclusions to which no response is required. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and therefore denies them.

91.    MOHELA denies the allegations in Paragraph 91.

92.    MOHELA denies the allegations in Paragraph 92.

93.    MOHELA denies the allegations in Paragraph 93.

94.    MOHELA denies the allegations in Paragraph 94.

**FOURTH CAUSE OF ACTION**

*Abusive Acts or Practices in Violation of the Code of Virginia § 6.2-2610(A)(2)*

95.    The allegations in Paragraph 95 are legal conclusions to which no response is required. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and therefore denies them.

96.    The allegations in Paragraph 96 are legal conclusions to which no response is required. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and therefore denies them.

97.    The allegations in Paragraph 97 are legal conclusions to which no response is required. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and therefore denies them.

98.    MOHELA denies the allegations in Paragraph 98.

99.    MOHELA denies the allegation that it did not properly process Plaintiff's PSLF applications. MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99, and therefore denies them.

100.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and therefore denies them.

101.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 101, including those in sub-paragraphs (a) through (c), and therefore denies them.

102.    MOHELA denies the allegations in Paragraph 102.

103.    MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and therefore denies them.

**FIFTH CAUSE OF ACTION**
*Failure to Timely Respond to written inquiry from*
*a qualified education loan borrower § 6.2-2611(2)*

104. The allegations in Paragraph 104 are legal conclusions to which no response is required. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and therefore denies them.

105. The allegations in Paragraph 105 are legal conclusions to which no response is required. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and therefore denies them.

106. The allegations in Paragraph 106 are legal conclusions to which no response is required. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and therefore denies them.

107. The allegations in Paragraph 107 are legal conclusions to which no response is required. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and therefore denies them.

108. The allegations in Paragraph 108 are legal conclusions to which no response is required. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 108, and therefore denies them.

109. MOHELA denies the allegations in Paragraph 109.

110. MOHELA denies the allegations in Paragraph 110.

**PRAYER FOR RELIEF**

FURTHER ANSWERING, MOHELA denies that Plaintiff is entitled to any relief from MOHELA whatsoever and therefore denies that any relief should be awarded pursuant to the allegations in the Complaint, including the relief sought in sub-paragraphs (A) through (J).

## DEFENSES AND AFFIRMATIVE DEFENSES

While MOHELA denies the allegations pleaded in the Complaint as stated above, MOHELA raises the following additional defenses. Inclusion of such defenses is not intended to shift the burdens of proof or persuasion imposed by law. Moreover, inclusion shall not be deemed an admission of liability, damages, or other essential elements of Plaintiff's claims, but rather as alternative or additional defenses that may bar or otherwise limit recovery.

### FIRST DEFENSE

Plaintiff's claims fail because she has not been damaged by any acts of MOHELA and, to the extent Plaintiff has damages, such damages may have been caused by independent third parties or by an intervening and superseding cause, including but not limited to Plaintiff, the USDOE, or other individuals or entities as may be revealed in discovery, over whom MOHELA has no control and for whom MOHELA has no responsibility.

### SECOND DEFENSE

Plaintiff's claims fail because Plaintiff has not been damaged by any acts of MOHELA and, to the extent Plaintiff has damages, Plaintiff failed to mitigate her damages.

### THIRD DEFENSE

To the extent Plaintiff seeks to recover her attorney's fees from MOHELA as articulated in the Complaint's *ad damnum* clause, Plaintiff's claims fail because she has not plausibly alleged a violation of the Qualified Education Loan Servicers Provisions of the Virginia Code.

### FOURTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and laches.

**FIFTH DEFENSE**

Plaintiff cannot prevail on her claims against MOHELA because it did not act with negligence, willful intent to injure, or in conscious disregard of the rights of Plaintiff.

**SIXTH DEFENSE**

Plaintiff's claim for punitive damages violates the Due Process and Double Jeopardy Clauses of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment, and the laws of the States of Missouri and District of Columbia. MOHELA further adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); and *SAFECO Insurance Co. of America v. Burr*, 127 S.Ct. 2201 (2007).

**SEVENTH DEFENSE**

MOHELA states that its investigation of this matter is ongoing, and it hereby reserves the right to state additional affirmative defenses as applicable to the claims alleged herein.

**MOHELA'S PRAYER FOR RELIEF**

WHEREFORE, Defendant Higher Education Loan Authority of the State of Missouri, having fully answered Plaintiff's Complaint, hereby requests that the Court enter an Order:

    a.   dismissing the Complaint against Defendant Higher Education Loan Authority of the State of Missouri with prejudice;

    b.   denying Plaintiff the relief prayed for in the Complaint; and

    c.   granting Defendant Higher Education Loan Authority of the State of Missouri's attorneys' fees and costs incurred herein upon finding that this action was filed in

- 17 -

bad faith or for purposes of harassment, and for such other and further relief as the Court deems just, equitable, and proper.

Dated: July 20, 2026                    Respectfully submitted,

                                        /s/ Walter Buzzetta
                                        Walter J. Buzzetta (#499116)
                                        STRADLEY RONON STEVENS & YOUNG, LLP
                                        2000 K Street Suite 700
                                        Washington, DC 20006
                                        (202) 507-6407
                                        wbuzzetta@stradley.com

                                        *Counsel for Higher Education Loan Authority of the State of Missouri*


## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2026, I caused the foregoing to be filed using the Court's CM/ECF system, which will send electronic notifications to all counsel of record.

                                        /s/ Walter Buzzetta
                                        Walter Buzzetta