UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MELISSA SCHEEREN,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF EDUCATION, et al.,<br><br>Defendants. | Civil Action No. 26-1659 (CRC) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS


BACKGROUND .......... 3

STANDARDS OF REVIEW .......... 4

I. Rule 56 .......... 4

II. Judicial Review Under the APA .......... 5

ARGUMENT .......... 6

CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................2

*Atherton v. D.C. Office of Mayor*,
567 F. 3d 672 (D.C. Cir. 2009) ....................1

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................1, 2

*Kowal v. MCI Comm. Corp.*,
16 F.3d 1271 (D.C. Cir. 1994) ....................2

**Statutes**

28 U.S.C. § 1346(b) ....................12

28 U.S.C. § 1442(a) ....................7, 8

28 U.S.C. § 1658....................11

28 U.S.C. § 2675(a) ....................12

28 U.S.C. § 2680(h) ....................14

28 U.S.C. §§ 2680....................13

**Rules**

Fed. R. Civ. P. 8(a)....................9, 11

Federal Rules of Civil Procedure 12(b)(1) ....................8, 9, 13

Federal Rules of Civil Procedure 12(b)(6) ....................8, 9, 10

The Department of Education and Linda McMahon, in her official capacity as Secretary of Education (collectively referenced as "Department"), by and through undersigned counsel, move summary judgment on Plaintiff, Melissa Scheeren's Complaint (ECF No. 1), which alleges that the Department's decision to deny her Public Service Loan Forgiveness ("PSLF") application was arbitrary and capricious under the Administrative Procedure Act ("APA"). For the reasons stated herein, Plaintiff fails to bring any claim that can survive a motion for summary judgment under Federal Rule of Civil Procedure ("Rule") 56.

**BACKGROUND**

On May 13, 2026, Plaintiff filed her Complaint alleging, *inter alia*, that she was entitled to discharge of her federal direct student loans when she submitted a PSLF application sometime in September of 2022. Compl. (ECF No. 1) ¶ 1. She asserts that she is PSLF-eligible because of her employment with the Fairfax Bar Association ("FBA") from March 2008 until February 2017 as an Associate Law Librarian and then as a Pro Bono Assistant for the Northern Virginia Pro Bono Law Center. *Id*. ¶¶ 1, 14. Nevertheless, the Department denied Plaintiff's PSLF application given its finding that the FBA was not a "qualifying employer" under the PSLF. *See infra*. at 4-6. The gravamen of Plaintiff's Complaint is that the Department's denial of her application was arbitrary and capricious, because, per Plaintiff, FBA was "a qualifying public service organization…at the time Plaintiff submitted her applications." *See*, *e.g.*, Compl. (ECF No. 1), Prayer for Relief ¶ B. The record reflects, however, that Plaintiff's claims are without legal merit or evidentiary support, and therefore the Department is entitled to summary judgment in this case.

## STANDARDS OF REVIEW

### I. Rule 56

The Court must grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). However, when a party seeks review of agency action under the APA, "[t]he entire case on review is a question of law, and only a question of law," and can be resolved on the administrative record in the context of a motion for summary judgment. *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993); *see Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083-84 (D.C. Cir. 2001); *Univ. Med. Ctr v. Shalala*, 173 F.3d 438, 440, n.3 (D.C. Cir. 1999). In such cases, the district court generally does not resolve factual issues or duplicate agency fact-finding efforts, but instead functions as an appellate court addressing a legal issue. *See James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1096 (D.C. Cir. 1996). For this reason, the normal standard of review for a summary judgment motion, which requires a district court to decide whether there is any "genuine dispute as to any material fact," does not apply. *See Conference v. Vilsack*, 684 F. Supp. 2d 135, 142 (D.D.C. 2010); *Sierra Club v. Mainella*, 459 F. Supp. 2d 76, 89-90 (D.D.C. 2006); *see* Local Civil Rule 7(h)(2) (statement of undisputed material facts not required for cases "in which judicial review is based solely on the administrative record"). To the contrary, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Summary judgment is thus the mechanism through which courts decide whether, as a matter of law, the agency action under review is supported by the administrative record and is otherwise consistent with the APA standard of review. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) ("The task of the

reviewing court is to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the reviewing court.").

## II. Judicial Review Under the APA

Generally, agency actions or decisions are to be set aside under the APA if they are "arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law." 5 U.S.C. § 706(2)(A); *Chappell v. Wallace*, 462 U.S. 296, 303 (1983); *Cone v. Caldera*, 223 F.3d 789, 793 (D.C. Cir. 2000). "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971); *CBS Corp. v. FCC*, 535 F.3d 167, 174 (3rd Cir. 2008). A court "will not disturb the decision of an agency that has 'examined the relevant data and articulated a satisfactory explanation for its action including a rational connection between the facts found and the choice made.'" *MD Pharm. v. DEA*, 133 F.3d 8, 16 (D.C. Cir. 1998) (citation omitted); *CBS*, 535 F.3d at 174. If the "agency's reasons and policy choices . . . conform to 'certain minimal standards of rationality' . . . the [agency decision] is reasonable and must be upheld." *Small Refiner Lead Phase-Down Task Force v. EPA*, 705 F.2d 506, 521 (D.C. Cir. 1983).

Moreover, "an agency's decision [need not] be a model of analytic precision to survive a challenge." *Dickson v. Sec'y of Def.*, 68 F.3d 1396, 1404 (D.C. Cir. 1995). Rather, "[a] reviewing court will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Id.* at 1404. The courts will generally find an agency action arbitrary and capricious where the agency: (1) relied on factors Congress did not intend it to consider; (2) entirely failed to consider an important aspect of the problem; (3) offered an explanation for its decision that runs counter to the evidence before the agency; or 4) is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. *CBS*, 535 F.3d at 174.

## ARGUMENT

In 2007, the College Cost Reduction and Access Act, Pub. L. No. 110-84, 121 Stat. 784, established the PSLF program, under which the Department is required to forgive eligible loans of borrowers who make monthly loan payments for ten years while employed in public service. Under the statute, the Department must "cancel the balance of interest and principal" of qualifying student loans belonging to an individual who (1) is not in default on the loans, (2) makes 120 monthly payments after October 1, 2007, on the loans, and (3) is "employed in a public service job" at the time each payment is made and at the time of forgiveness. 20 U.S.C. § 1087e(m)(1). For a payment to qualify, the borrower must also be enrolled in an approved repayment plan, such as an "income-based repayment plan," *id.*, which permits a borrower facing financial hardship to make lower monthly payments capped at a percentage of her gross income. 20 U.S.C. § 1098e(a). A "public service job" is defined to cover "a full-time job" in "government," "public education," "public interest law services (including prosecution or public defense or legal advocacy on behalf of low-income communities at a nonprofit organization)," and "public service for individuals with disabilities." 20 U.S.C. § 1087e(m)(3)(B).

The Department has promulgated regulations stating that to qualify for loan forgiveness under PSLF, a borrower must have made the equivalent of 120 monthly payments on the relevant eligible direct loan, while employed by a "qualifying employer." 34 C.F.R. § 685.219(b)(27), (c). A "qualifying employer" includes a nonprofit organization that "[p]rovides a non-governmental public service as defined in this section, attested to by the employer on a form approved by the Secretary [of Education]." 34 C.F.R. § 685.219(b)(27)(E). In addition, non-governmental public service refers to "services provided by employees of a non-governmental qualified employer

where the employer has devoted a majority of its full-time equivalent employees to working in at least one of the following areas[]: emergency management, civilian service to military personnel, military service, public safety, law enforcement, public interest law services, early childhood education, public service for individuals with disabilities or the elderly, public health, public education, public library services, school library, or other school-based services." 34 C.F.R. § 685.219(b)(15). The applicable regulations further state that if the Department is unable to determine if the borrower was employed by a "qualifying employer," then "the borrower must provide additional information about the borrower's employment and employer on a form approved by" the Department. 34 C.F.R. § 685.219(e)(3).

In this case, Plaintiff's PSLF application, submitted sometime in September of 2022, was denied because of an incorrect finding that the FBA, which she worked for from March 2008 to February 2017, is not a "qualifying employer" for PSLF purposes. Harris Decl, Exhibit C. According to the FBA's tax filings, it is classified as a 501(C)(6) entity and its mission is to "operate a voluntary bar association providing education to members, a legal referral service, manage a public law library, promote law and justice." Harris Decl, Exhibit A.[1] While the Department acknowledges that the FBA, as a 501(C)(6) entity, is a nonprofit organization, Plaintiff was required to prove that most of her employment with the FBA was in one of the enumerated fields listed in 34 C.F.R. § 685.219(b)(15) to establish her PSLF eligibility. But of the twelve purposes of the FBA listed in Article II of its bylaws, only one meets the criteria of 34 C.F.R. §

1 Incidentally, FBA's tax filings also indicate that its Employer Identification Number ("EIN") is 51-0205344. The Department hosts a website where interested parties can enter an EIN to determine if an employer qualifies for PSLF. *See* https://studentaid.gov/pslf/employer-search/search-tool. On August 11, 2026, the undersigned accessed the aforesaid website, entered FBA's EIN, and adjusted the employment start and end dates to match Plaintiff's March 2008 until February 2017 employment with FBA. The results confirm that FBA is not and never was a qualifying employer for PSLF purposes.

685.219(b)(15), which is "[t]o operate a public law library." Harris Decl., Exhibit B at Article II.D. To verify FBA's status as a "qualifying employer" under the PSLF, then, the Department has requested that Plaintiff provide additional information regarding her PSLF eligibility pursuant to 34 C.F.R. § 685.219(e)(3). Because Plaintiff refuses to provide evidence that most of her employment at FBA was pursuant to operating a public law library or any other enumerated field listed in 34 C.F.R. § 685.219(b)(15), she cannot be deemed PSLF-eligible by the Department at this time. Harris Decl. ¶ 10.

Accordingly, the Department respectfully requests that the Court enter final judgment on each of Plaintiff's claims, because there is no legal argument or record evidence that Plaintiff can offer to establish that the Department's decision to deny her PSLF application was violative of the APA.

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that this Court grant final judgment in its favor with respect to Plaintiff's Complaint.[2]

Dated: August 19, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Fithawi Berhane*
FITHAWI BERHANE
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 252-6653
Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*

2 The Department notes that it is amenable to a stay of this case so that it could consider any additional information or evidence that Plaintiff is able to provide to establish her PSLF eligibility.