UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MELISSA SCHEEREN, Plaintiff, v. DEPARTMENT OF EDUCATION, *et al.*, Defendants. | Civil Action No. 26-1659 (CRC) |

DECLARATION OF NIKKI HARRIS BOWMAN

Nikki Harris Bowman, pursuant to 28 U.S.C. § 1746 hereby declares as follows:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in the foregoing Declaration is based on my personal knowledge.
2. I am currently employed as a Supervisory Program Management Analyst by the Office of Loan Portfolio Management for the United States Department of Education ("Defendant" or the "Department"), and submit this Declaration in support of Defendant's Motion to Dismiss.
3. This matter revolves around Defendant's denial of Plaintiff's applications for loan forgiveness through the Public Service Loan Forgiveness (PSLF) program.
4. In short, and subject to additional requirements not applicable here, to qualify for loan forgiveness through PSLF, a borrower must have made the equivalent of 120 monthly payments on the relevant eligible direct loan, while employed by a "qualifying employer." *See* 34 C.F.R. § 685.219(b)(27), (c). A qualifying employer includes a nonprofit organization that (1) Provides a non-governmental public service as defined in this section, attested to by the employer on a form approved by the Secretary. *See* 34 C.F.R. § 685.219(b)(27)(E). Non-governmental public service "means services provided by employees of a non-governmental qualified employer where the employer has devoted a majority of its full-time equivalent employees to working in at least one of the following areas (as defined in this section): emergency management, civilian service to military personnel, military service, public safety, law enforcement, public interest law services, early childhood education, public service for individuals with disabilities or the elderly, public health, public education, public library services, school library, or other school-based services." *See* 34 C.F.R. § 685.219(b)(15).
5. If the Defendant is unable to determine that the borrower was employed by a qualifying employer and that such employment consisted of more than 50% non-governmental public service, the borrower is required to submit supplementary information regarding their employment to the Defendant. The borrower carries the burden of proof to demonstrate their employment is eligible for PSLF. *See* 34 C.F.R. § 685.219(e)(3). To this end, among other evidence, the borrower may submit a declaration from their employer stating that the borrower's employment consisted of more than 50% non-governmental public service.
6. When Plaintiff Melissa Scheeren ("Plaintiff") here applied for PSLF, Plaintiff sought to include

payments towards her loans during her employment with the Fairfax Bar Association from March 2008 until February 2017. According to the Fairfax Bar Association's tax filings, it is classified as a 501(C)6 entity by the IRS whose mission is to "OPERATE A VOLUNTARY BAR ASSOCIATION PROVIDING EDUCATION TO MEMBERS, A LEGAL REFERRAL SERVICE, MANAGE A PUBLIC LAW LIBRARY, PROMOTE LAW AND JUSTICE." *See* Exhibit A. While a 501(C)6 entity is a nonprofit organization, the Plaintiff needs to prove that a majority of her employment was in one of the enumerated fields listed in 34 C.F.R. § 685.219(b)(15). Of the twelve (12) purposes of the Fairfax Bar Association listed in Article II of their bylaws, only one meets the criteria of 685.219(b)(15), which is "To operate a public law library". *See* Exhibit B, Article II.D. The Plaintiff has failed to prove that a majority of her employment was pursuant to operating a public law library or any other enumerated field listed in 34 C.F.R. § 685.219(b)(15).

7. Plaintiff also alleges she has performed public interest law through the Fairfax Law Foundation Complaint paragraph 53. However, the Fairfax Law Foundation is a separate legal entity and the employment documents do not indicate Plaintiff was employed by the Fairfax Law Foundation. Plaintiff did not prove that the majority of her employment was in performing public interest law through the Fairfax Law Foundation.

8. As a result of the Plaintiff's failure to prove that a majority of her employment was pursuant to the enumerated fields listed in 34 C.F.R. § 685.219(b)(15), The Defendant notified the Plaintiff that her employment with the Fairfax Bar Association was not eligible for PSLF. Attached hereto as <u>Exhibit C</u> is a true and current copy of various communications between the Plaintiff and Defendant, which informed Plaintiff of this determination.

9. As a result of her employment with the Fairfax Bar Association deemed ineligible for PSLF, the Plaintiff only has 81 eligible payments counted towards PSLF, short of the 120 payment minimum. *See* Exhibit D, PSLF Dashboard as of July 9th, 2026.

10. After the Plaintiff initiated litigation, Defendant's counsel communicated to Plaintiff's counsel that the Defendant would be willing to review additional documentation to prove the majority of Plaintiff's employment was pursuant to the enumerated fields listed in 34 C.F.R. § 685.219(b)(15), and therefore eligible for PSLF. To assist the Defendant's analysis, Defendant's counsel recommended Plaintiff draft a declaration from her supervisor at the Fairfax Bar Association attesting to the nature of Plaintiff's job responsibilities and duties. Plaintiff rejected the Defendant's suggestion and refused to submit additional documentation for a new PSLF eligibility review.

11. Attached hereto as <u>Exhibit E</u> is a true and current copy of the summary of Plaintiff's Federal student loans in the National Student Loan Data System, demonstrating the Plaintiff's current loan balances and PSLF eligibility count.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 12th, 2026

NIKKI BOWMAN Digitally signed by NIKKI BOWMAN
Date: 2026.08.12 11:38:52 -04'00'

______________________________

Nikki Harris Bowman

Supervisory Program Management Analyst by the Office of Loan Portfolio Management for the United States Department of Education