UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MELISSA SCHEEREN,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF EDUCATION, et al.,<br><br>Defendants. | Civil Action No. 26-1659 (CRC) |

**REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

Table of Contents ........ i

Table of Authorities ........ ii

Argument ........ 1

Conclusion ........ 5

# TABLE OF AUTHORITIES

Page(s)

Cases

*Steenholdt v. FAA*,
314 F.3d 633 (D.C. Cir. 2003) ........ 1, 2

Statutes

20 U.S.C. § 1087e(m)(1) ........ 3
20 U.S.C. § 1087e(m)(3)(B) ........ 3
20 U.S.C. § 1098e(a) ........ 3
Pub. L. No. 110-84 ........ 3

Regulations

34 C.F.R. § 685.219(b)(15) ........ 4, 5
34 C.F.R. § 685.219(b)(27) ........ 3
34 C.F.R. § 685.219(e)(3) ........ 4, 5

Defendants, the Department of Education and Linda McMahon, in her official capacity as the Secretary of Education (collectively referred to as "Department"), hereby submit this combined reply in further support of their motion for summary judgment and opposition to Plaintiff's cross-motion for summary judgment. As explained below, the Department is entitled to judgment as a matter of law.

**ARGUMENT**

As an initial matter and after reviewing Plaintiff's opposition (ECF No. 24), the Department notes that Plaintiff's argument, for the most part, is that she is owed relief because the administrative record does not adequately describe the basis for the Department's decisions (for which the appropriate remedy would be to remand this case to the agency rather than to overrule its decisions) and that the Court should find that the Department conducted itself in an arbitrary and capricious manner because it does not currently act in a manner compliant with a regulation that is no longer in effect. *See generally id.* The Court need not hesitate to disregard such arguments, which are bereft of any legal support, since federal agencies are required to "follow their own rules, even gratuitous procedural rules that limit otherwise discretionary actions." *Steenholdt v. FAA*, 314 F.3d 633, 639 (D.C. Cir. 2003)

Nevertheless, the Department concedes that its motion for summary judgment relies upon an incorrect legal argument. Specifically, the Department's motion ultimately asserts the argument that Plaintiff's application for Public Service Loan Forgiveness ("PSLF") with respect to her employment with the Fairfax Bar Association ("FBA") from March 2008 until February 2017 was denied because she failed to establish that half or more of her employment with FBA consisted of non-governmental public service. *See generally* Def.'s Mot. (ECF No. 16). The Department's motion further indicates that Plaintiff would have been required to show that half or more of her

employment with FBA consisted of non-governmental public service even if FBA were deemed a "qualifying employer" for PSLF purposes. *Id*.

That argument, moreover, incorrectly characterizes the record. As reflected on Exhibit C to the Declaration of Nikki Harris Bowman ("Bowman Decl."), Plaintiff's reconsideration request was denied for the following reason: "Based on the information provided and our research, Fairfax Bar Association with the Federal Employer Identification Number (FEIN) of 510205344 is not a qualifying employer for PSLF and TEPSLF because it is a not-for-profit organization that does not provide a qualifying public service." Ex. C to Bowman Decl. (ECF No. 16-5) at 4. In a subsequent communication, the agency explained that "[e]mployment eligibility for the PSLF program is not about the work a borrower does but is based on who their employer is. Information on the types of employers that are eligible for PSLF can be found at studentaid.gov/manage-loans/forgivenesscancellation/public-service#qualifying-employment. Ms. Scheeren can use the employer search tool at StudentAid.gov/pslf/employer-search to determine if her employer is already listed as a qualifying employer for PSLF." *Id*. at 8. A search of the referenced search tool, using FBA's EIN and employment start and end dates to match Plaintiff's employment with FBA (i.e., March 2008 until February 2017) reflects that FBA was not a qualifying employer under the PSLF for that period. *See* https://studentaid.gov/pslf/employersearch/search-tool (last visited Oct. 22, 2026).

Despite what is reflected by the contemporaneous record, the Department's motion inadvertently characterized the record, erroneously, as suggesting that Plaintiff's application for PSLF was denied because Plaintiff failed to establish that half or more of her employment with FBA consisted of non-governmental public service. Bowman Decl. ¶ 6. That was incorrect and the Department hereby retracts the argument to this effect made in its summary judgment motion along

with those paragraphs of the Bowman Declaration that misstate the record accompanying that declaration. The Department apologizes to Plaintiff and to the Court for any confusion the Department may have caused by this mistake.

Nevertheless, for reasons apparent from the exhibits to the Bowman Declaration, the record still reflects that the Department is entitled to summary judgment in this case. In 2007, the College Cost Reduction and Access Act, Pub. L. No. 110-84, 121 Stat. 784, established the PSLF program, under which the Department is required to forgive eligible loans of borrowers who make monthly loan payments for ten years while employed in public service. Under the statute, the Department must "cancel the balance of interest and principal" of qualifying student loans belonging to an individual who (1) is not in default on the loans, (2) makes 120 monthly payments after October 1, 2007, on the loans, and (3) is "employed in a public service job" at the time each payment is made and at the time of forgiveness. 20 U.S.C. § 1087e(m)(1). For a payment to qualify, the borrower must also be enrolled in an approved repayment plan, such as an "income-based repayment plan," *id.*, which permits a borrower facing financial hardship to make lower monthly payments capped at a percentage of her gross income. 20 U.S.C. § 1098e(a). A "public service job" is defined to cover "a full-time job" in "government," "public education," "public interest law services (including prosecution or public defense or legal advocacy on behalf of low-income communities at a nonprofit organization)," and "public service for individuals with disabilities." 20 U.S.C. § 1087e(m)(3)(B).

The Department has promulgated regulations stating that to qualify for loan forgiveness under PSLF, a borrower must have made the equivalent of 120 monthly payments on the relevant eligible direct loan, while employed by a "qualifying employer." 34 C.F.R. § 685.219(b)(27), (c). A "qualifying employer" includes a nonprofit organization that "[p]rovides a non-governmental

public service as defined in this section, attested to by the employer on a form approved by the Secretary [of Education].” 34 C.F.R. § 685.219(b)(27)(E). In addition, non-governmental public service refers to “services provided by employees of a non-governmental qualified employer where the employer has devoted a *majority of its full-time equivalent employees* to working in at least one of the following areas[]: emergency management, civilian service to military personnel, military service, public safety, law enforcement, public interest law services, early childhood education, public service for individuals with disabilities or the elderly, public health, public education, public library services, school library, or other school-based services.” 34 C.F.R. § 685.219(b)(15) (emphasis added). The applicable regulations further state that if the Department is unable to determine if the borrower was employed by a “qualifying employer,” then “the borrower must provide additional information about the borrower’s employment and employer on a form approved by” the Department. 34 C.F.R. § 685.219(e)(3).

And in this case, Plaintiff’s PSLF application, submitted sometime in September of 2022, was denied because of a finding that the FBA, which she worked for from March 2008 to February 2017, is not a “qualifying employer” for PSLF purposes. *See generally* Bowman Supp. Decl. While the Department acknowledges that the FBA, as a 501(C)(6) entity, is a nonprofit organization, FBA’s status as a “qualifying employer” under the PSLF has not been verified by the Department. As indicated in the opening brief, and as referenced above, the Department hosts a website where interested parties can enter an EIN to determine if an employer qualifies for PSLF. *See* https://studentaid.gov/pslf/employersearch/search-tool; see also Ex. A, EIN Search Results (reflecting that FBA was not a qualifying employer during the time period that Plaintiff worked for it).

For the FBA, the results of that search for the relevant period, which are attached as an exhibit to this filing, confirm that FBA was not a qualifying employer under the PSLF, and absent evidence that the majority of FBA's full-time equivalent employees work in the areas enumerated under 34 C.F.R. § 685.219(b)(15), FBA will remain a non-qualifying employer. And while Plaintiff is invited to submit evidence establishing FBA's status as a qualifying employer pursuant to 34 C.F.R. § 685.219(e)(3) and (5), Plaintiff has not yet done so. As a result, Plaintiff cannot be deemed PSLF-eligible by the Department at this time. Accordingly, the Department respectfully requests that the Court enter final judgment on each of Plaintiff's claims, because there is no legal argument or record evidence that Plaintiff can offer to establish that the Department's decision to deny her PSLF application was violative of the APA.

**CONCLUSION**

For the aforesaid reasons, the Department is entitled to final judgment on each of Plaintiff's claims. Accordingly, the Department's motion for summary judgment should be granted and Plaintiff's cross-motion denied.

Dated: October 23, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *_/s/ Fithawi Berhane_*
FITHAWI BERHANE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6653

*Attorneys for the United States of America*