UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MELISSA SCHEEREN,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF EDUCATION, *et al.*,<br><br>Defendants. | Civil Action No. 26-1659 (CRC) |

SUPPLEMENTAL DECLARATION OF NIKKI HARRIS BOWMAN

Nikki Harris Bowman, pursuant to 28 U.S.C. § 1746 hereby declares as follows:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in the foregoing Declaration is based on my personal knowledge.
2. I am currently employed as a Supervisory Program Management Analyst by the Office of Loan Portfolio Management for the United States Department of Education ("Defendant" or the "Department"), and submit this Declaration in support of Defendant's Motion to Dismiss.
3. This matter revolves around Defendant's denial of Plaintiff's applications for loan forgiveness through the Public Service Loan Forgiveness (PSLF) program.
4. When Plaintiff Melissa Scheeren ("Plaintiff") here applied for PSLF, Plaintiff sought to include payments towards her loans during her employment with the Fairfax Bar Association from March 2008 until February 2017. Plaintiff also alleges she has performed public interest law through the Fairfax Law Foundation at paragraph 53 of her Complaint. However, the Fairfax Law Foundation is a separate legal entity and the employment documents do not indicate Plaintiff was employed by the Fairfax Law Foundation.
5. As a result of the Plaintiff's failure to prove that the Fairfax Bar Association is a qualifying employer, Defendant notified the Plaintiff that her employment with the Fairfax Bar Association was not eligible for PSLF.
6. In a prior declaration, the declarant erred in misinterpreting provisions of 34 CFR 685.219(e), specifically with sections that authorize the Secretary to request additional information about the borrower's employment. The aforesaid misinterpretation is why the Department of Education's opening brief asserted inconsistent statements regarding FBA's qualifying employer status. The declarant mistakenly asserted that the standard for an applicant's PSLF eligibility was based on their job description instead of their employer's qualifying status.
7. Nevertheless, the basis for the denial of Plaintiff's PSLF eligibility is set forth in the record, including at Exhibit C of the prior declaration, which states, among other things, that PSLF eligibility "is not about the work a borrower does but is based on who their employer is." *See* Ex. C (ECF No. 16-5) at 8.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 23rd, 2026

NIKKI BOWMAN Digitally signed by NIKKI BOWMAN
Date: 2026.10.23 10:51:45 -04'00'

______________________________

Nikki Harris Bowman

Supervisory Program Management Analyst by the Office of Loan Portfolio Management for the United States Department of Education